UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GASBUDDY, LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )     CIVIL ACTION NO. 20-11470 <br> ) |
| PAGEMASTER CORP., | ) <br> ) |
| Defendant. | ) <br> ) |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### INTRODUCTION

1. This action arises from a breach of a written promotion agreement between plaintiff and defendant under the terms of which defendant provided smartphones free of charge to consumers who agreed to sign-up for *one month* of cellular service and enroll in an automatic payment plan, with the right to cancel anytime. The promotion did not require consumers to submit to credit checks or enter service contracts. Consumers who participated in the promotion were given the choice to receive plaintiff's mobile travel and navigation app, which gives users ways to save money on gas at service stations throughout North America.

2. In accordance with the terms of the agreement, defendant launched the promotion including on-line advertisements endorsing a one-month enrollment with the right to cancel at any time. Thereafter, however – despite the requirements of the Agreement – defendant insisted upon changes to the on-line promotional language visible to consumers requiring consumers to pay a minimum of *two months* cellular service before being allowed to cancel. Despite demand, defendant failed and refused to revert to the terms of the Agreement. Defendant's violation of the parties' agreement caused plaintiff to sustain damages.

**PARTIES**

3.      Plaintiff GasBuddy, LLC (GasBuddy) is a Delaware limited liability company, duly registered to do business in the Commonwealth of Massachusetts, with its principal place of business at 99 Chauncy Street, 4th Floor Boston, Massachusetts.

4.      Upon information and belief, defendant PageMaster Corporation (PageMaster) is a California corporation with its principal place of business at 100 E. Thousand Oaks Blvd., Thousand Oaks, California.

**JURISDICTION AND VENUE**

5.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332, in that this is an action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6.      The Court has personal jurisdiction over defendant pursuant to Fed. R. Civ. P. 4(k) and Massachusetts Gen. Laws ch. 223A, § 3(a) – (b), in that defendant transacts business in this Commonwealth and entered into a contract with a Massachusetts company to supply services and things in the Commonwealth and elsewhere. Indeed, the promotion at the heart of the controversy was marketed to consumers nationwide, including in the Commonwealth of Massachusetts. The causes of action asserted herein arise out of the parties' business and contractual relationship.

7.      Venue is proper in the United States District Court for the District of Massachusetts under 28 U.S.C. 1391(a)(2) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred here, and under 28 U.S.C. 1400.

**FACTS APPLICABLE TO ALL CLAIMS**

A.   **Promotion Agreement Between GasBuddy and PageMaster**

8.   GasBuddy is an award-winning travel and navigation app (App) that gives users 27 ways to save money on gas at 150,000 gas stations throughout North America. It has been downloaded nearly 90 million times and is one of the highest-rated apps in the history of the Apple App Store. GasBuddy's mission is to provide drivers with better gas "smileage" and has helped Americans save $3 billion in fuel since its founding in 2000. PageMaster is a promotional/marketing company that develops and executes national consumer-targeted smartphone promotions.

9.   On July 31, 2018, the parties entered into a written Promotion Agreement Between PageMaster Corporation and GasBuddy, LLC (Agreement) under the terms of which PageMaster agreed to provide smartphone devices to consumers on behalf of GasBuddy and deliver the GasBuddy App to those consumers who opted-in via SMS (Promotion). As set forth in the Agreement, GasBuddy's objective in sponsoring the Promotion was to "increase customer acquisition" for its App.

10.   Upon the execution of the Agreement, GasBuddy paid PageMaster five hundred thousand dollars ($500,000.00) as required under the Agreement. The Promotion started on October 1, 2018 and ran through September 30, 2019. A true and accurate copy of the Agreement, which is governed by the law of the State of California, is attached hereto as <u>Exhibit A</u>.

11.   Under the terms of the Agreement, "Consumers" were offered smartphones free of charge, required to "activate their device for a period of one month", required to enroll in an automatic payment program (referred to in the Agreement as "AutoPay"), and were permitted to cancel any time. (Agreement § 2). The right to cancel at any time was affirmed by the Agreement

insofar as Consumers were only required to pay for the first month of service and not required to sign a contract. (Agreement ¶3).

12. PageMaster's responsibilities under the Agreement included, without limitation:

   a. establish and maintain a website for ordering for this Promotion;

   b. provide a minimum of 500,000 [smartphone] devices for the fulfillment of this promotion to all Consumers who agree to the terms of this Promotion, including payment of their first month of service and enroll in AutoPay; and

   c. deliver the GasBuddy Android application via sms-protocol to all Consumers who receive an Android device in this Promotion and opt-in to receive the GasBuddy mobile app.

(Agreement ¶4).

13. For its part, GasBuddy was obligated to:

   a. prepare and distribute… all artwork, advertising, marketing, Android application, promotional and landing page materials to be used for thie Promotion;

   b. create and maintain an online landing page on GasBuddy, LLC's own website, which contains all the terms, conditions, images and other requirements of the offer; and

   c. submit in advance all artwork, advertising, marketing, Android application, promotional, press-releases and landing page materials *to PageMaster Corporation for approval as provided in Paragraph 8* [of the Agreement].

(Agreement ¶5) (emphasis added).

14. Paragraph 8 of the Agreement vested PageMaster "in its sole discretion … the unconditional right to approve the accuracy of the description of the device Promotion and the use of trademarks, advertising, artwork and logos, photographs, press-releases, and the descriptions of products and services provided by the airtime service provider or any third-parties participating in the Promotion within ten (10) days after submission."

**B.     PageMaster Unliterally Alters the Terms of the Promotion**

15.    In August 2018, and consistent with the Agreement, GasBuddy submitted promotional language for PageMaster's review and approval. These materials included images to be displayed on GasBuddy's on-line landing page describing the terms and conditions of the Promotion including "***Pay 1 month of wireless service + autopay. Cancel Anytime***." An exemplar of the marketing material submitted by GasBuddy to PageMaster for approval follows:



This promotional material was approved by PageMaster and launched on GasBuddy's and PageMaster's landing page in August/September 2018.

16.    Despite the requirements of the Promotion, PageMaster insisted on changing the on-line promotional language visible to consumers, stating: "Pay 1/mo of wireless service + *1/mo auto-renew*." (emphasis added). The altered terms and conditions further stated that "[c]onsumer[s] may change or cancel their service plan and/or auto-renew *after 60 days of continuous use*." (emphasis added). On November 14, 2018, GasBuddy (Mike DiLorenzo) e-mailed PageMaster (Marc Resnick) to demand that the issue be corrected and confirm that consumers were only required to pay for one month of service, enroll in AutoPay, and could cancel before being charged for the second month, as contemplated by Paragraph 2 of the Agreement. Mr. Resnick (PageMaster) responded to the e-mail stating PageMaster would "allow GasBuddy

consumers to cancel if they wish." Mr. DiLorenzo (GasBuddy) responded to Mr. Resnick's e-mail stating, "**Thank you – adhering to the initial terms [of the Agreement] is satisfactory to us, thank you.  I will let my team know we are proceeding as we were/always thought.**" (emphasis in original).  Mr. Resnick never responded to Mr. DiLorenzo's e-mail or otherwise refuted the notion that the terms of the Agreement allowed consumers to cancel after the first month without having to pay for a second month.

17. In January 2019, GasBuddy began marketing a new handset to consumers under the Promotion through its website's landing page.  Consistent with the Agreement, GasBuddy promoted the single month payment, enrollment in AutoPay, and cancel anytime terms.  An exemplar of the marketing material submitted being utilized in connection with the Promotion follows:



These marketing materials were approved by PageMaster.

18. Shortly after these promotional materials went live, however, PageMaster (Debynn Scherpenborg) e-mailed GasBuddy (Mike DiLorenzo) stating that the Promotion "guidelines have been updated" and PageMaster could no longer inform consumers they could "Cancel anytime."

This message conflicted with Paragraph 2 of the Agreement, Mr. Resnick's November 14, 2018 e-mail, and the manner in which the Promotion had been administered since its inception.

19. On February 20, 2019, PageMaster sent revised marketing guidelines to GasBuddy requiring consumers to be enrolled for *two months* of cellular service, and made no mention of cancellation, but instead informed consumers that they would be provided a smartphone device "[w]hen you pay for 2 months wireless service and referred consumers to terms and conditions on the order page. GasBuddy (Mike DiLorenzo) e-mailed PageMaster demanding that PageMaster revert to the negotiated terms of the Agreement: (a) first month payment, (b) enroll in AutoPay; and (c) cancel anytime. PageMaster refused GasBuddy's request.

## CAUSES OF ACTION

### COUNT I
### (Fraudulent Inducement)

20. Plaintiff repeats and realleges paragraphs 1 through and including 19 set forth above as if the same were fully set forth herein.

21. A material term of the Promotion that induced GasBuddy to enter into the Agreement was PageMaster's representation that consumers could cancel any time after the payment of the first month's cellular fee. In other words, consumers could obtain a free phone, pay for one month's cellular service, and then cancel without further obligation.

22. The consumers' right to cancel after payment on one month's cellular service is memorialized in the Agreement. Under the terms of the Agreement, "Consumers" were offered smartphones free of charge, required to "activate their device for a period of one month", required to enroll in an automatic payment program (referred to in the Agreement as "AutoPay"), and were permitted to cancel any time. (Agreement § 2). The right to cancel at any time was affirmed by

the Agreement insofar as Consumers were only required to pay for the first month of service and not required to sign a contract. (Agreement ¶3).

23. Upon information and belief, PageMaster's representation to GasBuddy that consumers could cancel after one month was false when made.

24. Upon information and belief, PageMaster intended that GasBuddy rely on the misrepresentation.

25. GasBuddy reasonably relied on PageMaster's representation and was harmed as a result. GasBuddy's reliance on PageMaster's representation was a substantial factor in causing its harm.

## COUNT II
### (Breach of Contract)

26. Plaintiff repeats and realleges paragraphs 1 through and including 25 set forth above as if the same were fully set forth herein.

27. GasBuddy performed substantially all of its obligations under the Agreement including, without limitation, paying PageMaster $500,000 to launch and oversee the Promotion.

28. The Agreement required PageMaster to endorse a Promotion that allowed consumers to cancel at any time after paying for 30 days cellular service. Indeed, the right to cancel at any time is reflected in the marketing materials approved and utilized by PageMaster at the time the promotion was launched, was affirmed by PageMaster in writing months after the Promotion began, and was the way in which the Promotion was administered prior to February 2019, when PageMaster unilaterally breached the Agreement.

29. Despite the clear an unambiguous contractual obligation to allow consumers to cancel at any time, PageMaster's conduct aforesaid breached the Agreement.

30. As a direct and proximate result of defendant's breach of Agreement as detailed herein, GasBuddy has been and continues to be damaged, in an amount unknown at present but in no event less than the jurisdictional limit of this Court.

## COUNT III
### (Breach of the Covenant of Good Faith and Fair Dealing)

31. Plaintiff realleges and incorporates by reference all of the allegations contained in Paragraphs 1 through 30 above as if fully set forth herein.

32. The Agreement is governed by and construed under the laws of the State of California, which imputes a covenant of good faith and fair dealing in every contract.

33. PageMaster's conduct as set forth above constitutes one or more breaches of the covenant of good faith and fair dealing.

34. As a direct and proximate result of PageMaster's breaches of the covenant of good faith and fair dealing, GasBuddy has and will continue to suffer monetary damages for which PageMaster is liable, together with interest, costs, and attorneys' fees.

## PRAYERS FOR RELIEF

**WHEREFORE**, GasBuddy respectfully requests that this Court:

    a. As to Count I, enter judgment in favor of GasBuddy voiding the Agreement *ab initio* and award GasBuddy monetary damages in an amount to be determined against PageMaster, together with interest, costs, attorneys' fees, and other amounts recoverable under the Agreement and applicable law;

    b. As to Count II-III, enter judgment in favor of GasBuddy and award GasBuddy monetary damages in an amount to be determined against PageMaster, together with interest, costs, attorneys' fees, and other amounts recoverable under the Agreement and applicable law;

    c. Grant such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

GASBUDDY, LLC
By its attorneys,


/s/ John F. Farraher, Jr.
John F. Farraher, Jr. (BBO # 568194)
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
(617) 310-6029
farraherj@gtlaw.com

DATED:  August 4, 2020